UNITED STATES of America,
Plaintiff-Appellee,

v.

Paul Clifford ENGLISH, Defendant-
Appellant.

No. 23820.

United States Court of Appeals
Ninth Circuit.

Jan. 7, 1970.

Artie G. Henderson (argued), Federal Defenders, San Diego, Cal., for appellant.

Shelby R. Gott (argued), Asst. U. S. Atty., Joseph A. Milchen, Asst. U. S. Atty., Edwin L. Miller, Jr., U. S. Atty., San Diego, Cal., for appellee.

Before CHAMBERS and BROWNING, Circuit Judges, and BYRNE*, District Judge.

PER CURIAM:

On April 5, 1968, defendant waived indictment and pleaded guilty to an information charging him with robbery of a federally insured institution in violation of 18 U.S.C. § .2113(a). The trial judge set April 29, 1968, as the date for sentencing.

On April 24, 1968, government counsel was informed by a special agent of the Federal Bureau of Investigation that the defendant was implicated in three other bank robberies. This information was promptly relayed to defendant's counsel and to the probation officer assigned to prepare a presentence report. Defendant's counsel requested and was granted two continuances in order to investigate these charges. The sentencing hearing was postponed to May 20, 1968.

At the May 20 sentencing hearing, defendant denied that he had committed the three additional robberies, and asked the court not to consider these offenses in imposing sentence. The court agreed. Defendant was sentenced to ten years' imprisonment.

On August 7, 1968, the grand jury returned an indictment charging defendant with the three additional bank robberies. Shortly thereafter, defendant executed and sent to the trial court a written confession admitting these robberies.

---

* Honorable William M. Byrne, Senior District Judge, United States District Court for the Central District of California, sitting by designation.

On November 27, 1968, defendant filed a motion to dismiss this indictment under Federal Rule of Criminal Procedure 48(b), alleging that the government, with full knowledge of his involvement in the three additional robberies, had unnecessarily delayed bringing these charges before the grand jury. The trial judge denied defendant's motion. Defendant then pleaded guilty to the first count of the indictment, and the government agreed to dismiss the remaining counts. The court sentenced defendant to ten years' imprisonment, to run consecutively to the ten-year sentence previously imposed.

Defendant's sole contention on appeal is that the trial court abused its discretion in denying his Rule 48(b) motion. He argues that government counsel's decision to delay prosecution on the three additional charges until he was sentenced on the initial charge denied him the opportunity to have all four offenses considered at one sentencing hearing. He claims that if the four offenses had been considered together his counsel might have obtained the dismissal of three of the charges in return for a plea of guilty to one of them, or might have obtained concurrent, rather than consecutive, sentences.

The contention is without merit.

There is no suggestion that the brief delay dimmed the memory of defendant or any witness or otherwise impaired defendant's ability to prepare a defense. *See* United States v. Feinberg, 383 F.2d 60, 65–66 (2d Cir. 1967), and cases there cited.

The record does not support defendant's ingenious claim that oppressive action by the prosecution resulted in prejudice in his sentencing. The record is clear that the government desired to have the trial judge consider all four robberies in determining defendant's initial sentence, and that the defendant himself deliberately frustrated this purpose by denying the additional robberies and inducing the court not to consider them in fixing his sentence. It was entirely appropriate for the government to call the additional offenses to the court's attention in connection with the sentencing of defendant on the initial charge. When consideration of these offenses was expressly excluded, it was also proper for the government to initiate prosecution for them. Had the court wished to make the second sentence concurrent with the first it would have done so.

Affirmed.